James Sutter
vs. No. 84832
Timothy A. Harrington

January 7, 1931.

BLODGETT, P. J. Heard upon motion of plaintiff for the entry of a summary judgment under an agreement entered into between plaintiff and defendant.

The motion is based upon the provisions of Chapter 1343, P. L. 1929.

In *Sadie Rosenthal* vs. *John L. Halsband*, the opinion being handed down December 3, 1930, in Ex. &c. No. 6815,

the Supreme Court of Rhode Island has held that if affidavit of defendant discloses any substantial fact in dispute, a summary judgment can not be entered.

In the case under consideration a jury trial has been claimed.

The affidavit of defendant sets forth as a disputed question of fact that the agreement has never been carried out by plaintiff, and that he has never received the stock in question, and that there is a failure of consideration owing to the fact that the stock is worthless, the corporation issuing same having gone into the hands of a receiver. The stock in question was placed in the hands of Daniel J. Morrissey to be delivered in accordance with the original agreement, and to be held by Morrissey until the party of the first part and the party of the second part agree that the terms of the agreement have been carried out, or until it is legally determined that the terms of the agreement have been carried out.

The Court feels that a question arises under this agreement which must be decided by a Court having jurisdiction upon consideration of all the testimony and not one to be passed upon until such a hearing is had.

Motion denied.

For plaintiff: William H. McSoley.

For defendant: Pettine, Godfrey & Cambio.